# EXHIBIT A

 **CT Corporation**

**TO:** Kimberly Hefty
Phoenix Financial Services LLC
8902 OTIS AVE STE 103A
INDIANAPOLIS, IN 46216-1009

**RE:** **Process Served in Indiana**

**FOR:** Phoenix Financial Services LLC (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHERRON GLADNEY, PLTF. vs. PHOENIX FINANCIAL SERVICES, LLC, DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2016CV08873 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/03/2020 at 13:00 |
| **JURISDICTION SERVED :** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/03/2020, Expected Purge Date: 08/08/2020 |
| | Image SOP |
| | Email Notification, Kimberly Hefty kengland@phoenixfinancialsvcs.com |
| | Email Notification, Lori Schmitt lschmitt@sessions.legal |
| | Email Notification, Diana Orellana dorellana@sessions.legal |
| | Email Notification, Donielle Lambert dlambert@sessions.legal |
| | Email Notification, Anthony Albanese aalbanese@pendrickcp.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **For Questions:** | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

Page 1 of 1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not of contents.

# CT

Service intended for:

**Phoenix Financial Services, LLC**

Wolters Kluwer

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>SARAH ANNE CASTLE | Case Number: 2016-CV08873 |
|---|---|
| Plaintiff/Petitioner:<br>SHERRON GLADNEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>RYAN M CALLAHAN<br>221 EAST GREGORY BLVD |
| Defendant/Respondent:<br>CT CORPORATION SYSTEM | SUITE A<br>KANSAS CITY, MO 64114<br>(913) 601-1620 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>05-AUG-2020 09:30 AM<br>DIVISION 27 7TH FLOOR<br>415 E 12th<br>KANSAS CITY, MO 64106 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to: CT CORPORATION SYSTEM
        Alias:

CT CORPORATION SYSTEM
334 N. SENATE AVE.
INDIANAPOLIS, IN 46204
MARION COUNTY, IN

**COURT SEAL OF**

    You are summons to appear before this court on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

          13-JUL-2020
            Date                                    Clerk

**JACKSON COUNTY**    Further Information:

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____              _____
  Printed Name of Sheriff or Server                   Signature of Sheriff or Server

OSCA (8-2018) SM70 (JAKASOS) *For Court Use Only:* Doc ID# 20-ASOS-808    1    (2016-CV08873)    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510, 517.041 RSMo

Case 4:20-cv-00657-GAF   Document 1-2   Filed 08/17/20   Page 4 of 28

Subscribed and Sworn to before me this _____ (date).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.

*(Seal)*

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Summons Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ . _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (8-2018) SM70 (JAKASOS) *For Court Use Only:* Doc ID# 20-ASOS-808    2    (2016-CV08873)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510, 517.041 RSMo

Case 4:20-cv-00657-GAF   Document 1-2   Filed 08/17/20   Page 5 of 28

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                                        Circuit Court of Jackson County

Electronically Filed - Jackson - Kansas City - March 10, 2020 - 03:30 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION
STATE OF MISSOURI

SHERRON GLADNEY,                           )
                                           )
                Plaintiff,                 )
                                           )     Case No.
        -vs-                               )
                                           )     Division:
PHOENIX FINANCIAL SERVICES, LLC, )
Serve at:                                  )
CSC – Lawyers Incorporating Service Co.    )
221 Bolivar St.                            )
Jefferson City, MO 65101                   )
                                           )
                Defendant.                 )

## COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1.      This is an action for statutory damages, legal fees and costs pursuant to the
Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the
"FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair
practices. *Id.*

2.      The purpose of the FDCPA is to eliminate abusive debt collection practices
by debt collectors, to insure that those debt collectors who refrain from using abusive debt
collection practices are not competitively disadvantaged, and to promote consistent state
action to protect consumers against debt collection abuses. *Id.*

3.      If a violation occurs, "the FDCPA is a strict liability statute that makes debt
collectors liable for violations that are not knowing or intentional." Donahue v. Quick
Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4.     Even a single violation of the FDCPA is sufficient to support liability.

Taylor v. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6.     Venue is proper in this Judicial District.

7.     The acts and transactions alleged herein occurred in this Judicial District.

8.     Plaintiff resides in this Judicial District.

9.     Defendant transacts business in this Judicial District.

### Standing

10.     Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

11.     Specifically, Plaintiff suffered a concrete informational injury to her reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

### Parties

12.     Plaintiff, Sherron Gladney, is a natural person.

13.     Plaintiff is a "consumer" as that term is defined by § 1692a.

14.     Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

15.     Defendant Phoenix Financial Services, LLC ("Defendant"), is organized as an Indiana Limited Liability Company. Defendant does or transacts business in Missouri, and can be served by and through its registered agent, CSC – Lawyer's Incorporating

Service Company, 221 Bolivar St., Jefferson City, MO 65101. (Exhibit A, Record from the Missouri Secretary of State).

16.     The principal purpose of Defendant is debt collection.

17.     Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

18.     Plaintiff incurred an alleged debt that was primarily for personal, family or household purposes as defined by § 1692(a)(5).

19.     Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

20.     Defendant was subsequently retained, hired or otherwise assigned the alleged debt for collection.

21.     Plaintiff disputes the debt.

22.     Plaintiff requests that Defendant cease all further communication on the debt.

23.     Prior to January 31, 2020, Defendant had been attempting to collect the alleged debt at issue from Plaintiff.

24.     On January 31, 2020, Plaintiff did meet with the undersigned Counsel to review her credit report. On that date, Plaintiff discovered a tradeline being reported by Defendant. Plaintiff then handwrote a letter which stated that she disputed the debt and that she was requesting that Defendant not contact him again. (Exhibit B, Plaintiff's Letter).

25.     Specifically, Plaintiff's Letter states:

> "Dear Phoenix Financial Services,
>
> I dispute the debt that you are credit reporting me. Please do not contact me
> again."

26.     At Plaintiff's request, the undersigned Counsel did fax Plaintiff's Letter to
Defendant. Defendant received Plaintiff's letter on or about January 31, 2020. (Exhibit C,
Fax Confirmation).

27.     Communications sent via facsimile are assumed to have been received by
the intended recipient if the facsimile confirmation indicates a successful transmission. *See*
Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir. 2009) (holding that facsimile
confirmation generated by the . . . fax machine was sufficient to create a factual dispute
that . . . was received. . . .); Bridgeview Health Care Center Ltd. v. Clark, 2011 WL
4585028, 3 (N.D. Ill 2011) ("Indeed, in the facsimile transmission context, it is commonly
understood that 'success' means that 'the two fax machines have performed an electronic
"handshake" and that the data has been transmitted from one machine to the other.").

28.     Defendant had or should have had actual knowledge that Plaintiff did not
wish for Defendant to contact him directly.

29.     Thereafter, Defendant did contact Plaintiff directly via letter on or about
February 14, 2020. (Exhibit D, Plaintiff's Collection Letter).

30.     Undeterred by Plaintiff's Letter and request not to be contacted, Defendant
continued to contact Plaintiff in an attempt to collect the debt.

31.     Thus, the Collection Letter was a communication as that term is defined at
§ 1692a(2) of the FDCPA.

32.     Defendant therefore contacted a consumer, whom it knew had disputed the

account, and whom it knew had requested not to be contacted again, in an attempt to collect

a debt, in violation of the FDCPA.

33.     15 U.S.C. § 1692c(c) of the FDCPA provides the following:

> **If a consumer notifies a debt collector in writing that the consumer
> refuses to pay a debt or that the consumer wishes the debt collector to
> cease further communication with the consumer, the debt collector
> shall not communicate further with the consumer with respect to such
> debt, except -**
>
> **. . . (1) to advise the consumer that the debt collector's further efforts
> are being terminated;**
>
> **(2) to notify the consumer that the debt collector or creditor may
> invoke specified remedies which are ordinarily invoked by such debt
> collector or creditor; or**
>
> **(3) where applicable, to notify the consumer that the debt collector or
> creditor intends to invoke a specific remedy.**

34.     Defendant violated § 1692c(c) of the FDCPA by contacting a consumer it

knew had requested not to be contacted again.

35.     The purpose of the Collection Letter was in an attempt to collect a debt.

36.     The Collection Letter does not fall into any of the 3 provided exceptions to

the no-contact rule spelled out in 15 U.S.C. § 1692c(c).

37.     Plaintiff was distressed by Defendant's collection attempts with him despite

her belief that Defendant would not communicate with him directly.

38.     Defendant's violations of the FDCPA were material because, although

Plaintiff believed that he had the right to demand the collection communications cease,

Defendant's continued collection communications made Plaintiff believe that her demand

had been futile and that he did not have the rights Congress had granted her under the FDCPA.

39.     Plaintiff's actual damages include but are not limited to, Plaintiff's emotional distress, frustration, lost personal time in order to tend to this matter, lost professional time in order to tend to this matter, vehicle operating costs for driving in order to tend to this matter, loss of a sense of protection of her legal rights, and damage to her credit worthiness.

40.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

41.     The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

42.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

43.     Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA when it continued to contact and attempt to collect a debt after Plaintiff provided written notice to Defendant that he disputed the debt and wished to be left alone.

44.     Defendant's acts and omissions intended to harass Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by attempting to collect a debt after Defendant had notice that Plaintiff disputed the debt and did not wish to be contacted again.

45.     Defendant's violations of the FDCPA render it liable for statutory damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor and against Defendant as follows:

    a.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    b.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    c.  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.  Such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Ryan M. Callahan
Ryan M. Callahan, MO 62666
James R. Crump, MO 65514
**Callahan Law Firm, LLC**
222 W. Gregory Blvd., Suite 210
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com

Exhibit A

Electronically Filed - Jackson - Kansas City - March 10, 2020 - 03:30 PM



## John R. Ashcroft
### Missouri Secretary of State

## MISSOURI ONLINE BUSINESS FILING



**Limited Liability Company Details as of 3/10/2020**

● Required Field

Business Entity Fees & Forms

Business Entity FAQ

Business Entity Home Page

Business Entity Online Filing

Business Entity Contact Us

UCC Online Filing

Secretary of State Home Page

File Documents - select the filing from the "Filing Type" drop-down list, then click FILE ONLINE.

File Registration Reports - click FILE REGISTRATION REPORT.

Copies or Certificates - click FILE COPIES/CERTIFICATES.

**RETURN TO SEARCH RESULTS**

**ORDER COPIES/ CERTIFICATES**

Filing Type: Select filing from the list. Amended Certificate of Registration of a Foreig

**FILE ONLINE**

General Information    Filings    Address    Contact(s)

| | |
|---|---|
| Name PHOENIX FINANCIAL SERVICES LLC | **Address** |
| Type Limited Liability Company | Charter No. FL1385126 |
| Domesticity Foreign | Home State IN |
| Registered Agent CSC-LAWYERS INCORPORATING SERVICE COMPANY | Status Active |
| 221 Bolivar Street | |
| Jefferson City, MO 65101 | |
| | Date Formed 3/12/2014 |
| Duration Perpetual | |
| Managed by | |

The Information contained on this page is provided as a public service, and may change at any time. The State, its employees, contractors, subcontractors or their employees do not make any warranty, expressed or implied, or assume any legal liability for the accuracy, completeness or usefulness of any information, apparatus, product or process disclosed or represent that its use would not infringe on privately-owned rights.

# Exhibit B

# FAX COVER SHEET

| TO | |
|---|---|
| COMPANY | |
| FAX NUMBER | 13179574899 |
| FROM | Ryan Callahan |
| DATE | 2020-01-31 17:40:11 GMT |
| RE | Gladney - Phoenix |

COVER MESSAGE

01-31-2020

Sherron Gladney
2458 Quincy St
Kansas City MO 64127
Ssn: 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


Dear Phoenix Financial Services

I dispute the debt that you are credit reporting me.
Please do not contact me again.

Thank you, Sherron Gladney

Electronically Filed - Jackson - Kansas City - March 10, 2020 - 03:30 PM

Exhibit C

**James Crump**

| | |
|---|---|
| **From:** | NoReply@MyFax.com |
| **Sent:** | Friday, January 31, 2020 11:42 AM |
| **To:** | James Crump |
| **Subject:** | Successful transmission to 13179574899. Re: Gladney - Phoenix |



Your fax was successfully sent to 13179574899 by MyFax.

**Fax Details**

**Date:** 2020-01-31 17:41:49 (GMT)
**Number of Pages:** 2
**Length of Transmission:** 55 seconds
**Receiving Machine Fax ID:** 14803836933

If you have any questions, please visit our online help center.

Thank you for choosing MyFax.

Sincerely,
The MyFax Team

**Tip:** Switch to an annual plan and save! Call (866) 378-2373 or email support@myfax.com.

Home | Features | How it Works | Mobile App | Support

© 2020 j2 Global, Inc. and affiliates. All rights reserved.
MyFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the MyFax Customer Agreement.

Electronically Filed - Jackson - Kansas City - March 10, 2020 - 03:30 PM

Exhibit D

February 14, 2020



**PHOENIX FINANCIAL**
S E R V I C E S

SHERRON GLADNEY
5602 LYDIA AVE # X
KANSAS CITY MO 64110

Original Creditor:        DEER VALLEY EMERG PHYS LLC
Current Creditor:         PENDRICK CAPITAL PARTNERS II, LLC.
Creditor Account #(s)     19892504 -180409
Date(s) of Service:       04/09/18
Agency Name:              PHOENIX FINANCIAL SERVICES, LLC
Phoenix Reference #(s)    58656268
Total Balance:            $ 1503.48

Our offices are in receipt of your letter of dispute. Please be advised we have contacted our client who has confirmed the accuracy of the information listed on the account as well as the amount owed.

Enclosed are billing statements provided by our client that confirm the charges. The physician office closes the balance on its books to place into collections, so it will show the amount owed as zero on its statement. More detailed information may be found using the website listed on the enclosed statement.

**Phoenix Financial Services, LLC**
**PO Box 361450 Indianapolis, IN 46236**
**Toll-Free 855-342-6567 Chad Edmonson**
**Fax 317-957-4899**
**Email info@phoenixfinancialsvcs.com**
**www.phoenixfinancialsvcs.com**

Calls to or from this number may be recorded or monitored for quality and compliance purposes.

## This communication is from a debt collector.

Phoenix Financial Services, LLC is registered as Indiana Resolution Group LLC in the  following states: AZ, IA, KY, NE, NH, ND, SC, TN, TX, UT

**Colorado Residents:** Local Office: Colorado Manager, Inc. 8690 Wolff Court Suite 110 Westminster, CO 80031 (303) 920-4763

**Connecticut Residents:** This collection agency is licensed in Connecticut, NMLS Number: 1163027

**Maine Residents:** Our office hours are Mon-Thur 9am-9pm EST and Fri 9am-5pm EST. Our company street address is 8902 Otis Ave, Suite 103A, Indianapolis, IN 46216.

**Massachusetts Residents:** Office Address: 8902 Otis Ave, Suite 103A, Indianapolis, IN 46216. Phone 855-342-6567

Please send payments and correspondence to PO Box 361450, Indianapolis, IN 46236.

**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce: 8902 Otis Avenue Suite 103A Indianapolis, IN 46216

**Nevada Residents:** If the consumer pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as (1) An acknowledgement of the debt by the consumer; (2) A waiver by the consumer of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt. If the consumer does not understand or has questions concerning his/her legal rights or obligation relating to this debt(s), the consumer should seek legal advice.

**New York City Residents:** NYC Department of Consumer Affairs License # 2011030-DCA.

**North Carolina Residents:** North Carolina Permit Number 112237: 8902 Otis Avenue Suite 103A Indianapolis, IN 46216

**Tennessee Residents:** PLEASE SEND CORRESPONDENCE TO: PO Box 361450; Indianapolis, IN 46236
This collection agency is licensed by the Collection Service Board of The Department of Commerce and Insurance.

**Wisconsin Residents:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

Electronically Filed - Jackson - Kansas City - March 10, 2020 - 03:30 PM

DEER VALLEY EMERG PHYS, LLC
PO BOX 99017
LAS VEGAS, NV 89193-9017

• DVE

*Statement Date:* 02/09/20

*TAX ID#* 81-4702447
042205-0000019892504-05
#BWNJFDB
#0000000DVE833523#
SHERRON GLADNEY
5602 LYDIA AVE # X
KANSAS CITY, MO 64110

| | |
|---|---|
| *Account Number:* | DVE19892504 |
| *Patient Name:* | SHERRON GLADNEY |
| *Access Code:* | 1796-19892504 |

| | |
|---|---|
| *Due Date:* | **PAST DUE** |
| *Amount You Owe:* | **$1,516.00** |

YOUR ACCOUNT IS NOW SERIOUSLY PAST DUE, AND A DELINQUENCY
REVIEW IS BEING CONDUCTED.

*Pay Online*
*WWW.MYMEDICALPAYMENTS.COM*
*1-800-355-2470 MON-FRI 8:30AM-4:30PM*

*Services provided at:*

**LIBERTY HOSPITAL - 2525 GLENN HENDREN DRIVE - LIBERTY MO 64068-9625**

| Date of Service | CPT Code | Description | Provider | Charges | Payments or Adjustments | Explanation | Amount You Owe |
|---|---|---|---|---|---|---|---|
| 04/09/2018 | 99285 | EMERGENCY EVAL & MGMT (LVL 5) | DR. SPIEKER | $1,516.00 | $0.00 | | $1,516.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

THIS STATEMENT MAY NOT REFLECT ANY PAYMENTS YOU MADE AT TIME OF SERVICE.

*Total Charges:* $1,516.00
*Current Patient Responsibility:* $1,516.00

Insurance 2: HRI SUBROGATION - HRI SUBROGATION

---

**PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR REMITTANCE.**
*Pay Online*
*WWW.MYMEDICALPAYMENTS.COM*

| | |
|---|---|
| *Statement Date:* | 02/09/20 |
| *Account Number:* | DVE19892504 |
| *Patient Name:* | SHERRON GLADNEY |

| | |
|---|---|
| *Payment Due By:* | PAST DUE |
| *Amount Due:* | $1,516.00 |
| *Amount Enclosed:* | |

*Guarantor:*

SHERRON GLADNEY
5602 LYDIA AVE # X
KANSAS CITY, MO 64110

*PAY* $1,516.00 *BY DUE DATE*

042205000001989250400000000000000000000005

*Make Check/Money Order payable to:*

DEER VALLEY EMERG PHYS, LLC    DVE
PO BOX 99017
LAS VEGAS, NV 89193-9017

☐ *If your address has changed, check this box and complete the reverse side of this form.*

Electronically Filed - Jackson - Kansas City - August 05, 2020 - 09:24 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

SHERRON GLADNEY,                          )
                                          )
              Plaintiff,                  )
                                          )
vs.                                       )        Case No:  2016-CV08873
                                          )
PHOENIX FINANCIAL SERVICES, LLC,          )         Division: 27
                                          )
              Defendant.                  )
                                          )

**DEFENDANT PHOENIX FINANCIAL SERVICES, LLC'S
UNOPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO PLAINTIFF'S COMPLAINT SEEKING DAMAGES FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Defendant Phoenix Financial Services, LLC ("Defendant"), by and through counsel, hereby requests the Court enter an Order granting Defendant a fourteen (14) day extension of time to respond to the Plaintiff's Complaint Seeking Damages for Violations of the Fair Debt Collection Practices Act ("Complaint") filed by plaintiff, Sherron Gladney ("Plaintiff"). In support of its Motion, Defendant states the following:

1.      On or about March 19, 2020, Plaintiff filed her Complaint in this Honorable Court.

2.      On August 3, 2020, Defendant was served with a copy of the Complaint.

3.      A Hearing in this matter is scheduled to occur on August 5, 2020 at 9:30 a.m.

4.      Defendant recently retained counsel and is in the process of reviewing the file and preparing a response. Despite due diligence and good faith efforts, Defendant and its counsel require an extension of time to investigate the allegations in the Complaint and prepare a responsive pleading. Accordingly, Defendant requests a brief fourteen (14) day extension of time, until August 19, 2020, to respond to Plaintiff's Complaint.

Electronically Filed - Jackson - Kansas City - August 05, 2020 - 09:24 AM

5.　　On August 4, 2020, counsel for Defendant and counsel for Plaintiff conferred regarding the requested extension. Plaintiff is agreeable to the relief requested herein.

6.　　Defendant has not requested any prior extensions in this action.

7.　　There are no pending hearings or matters currently before the Court. Further, no party will be prejudiced or unduly burdened by the granting of Defendant's Motion.

WHEREFORE, Defendant Phoenix Financial Services, LLC respectfully requests this Court enter an Order granting an extension of time through and including August 19, 2020 for Defendant to file an Answer or otherwise respond to Plaintiff's Complaint, and for such other relief as this Court deems proper.

ARMSTRONG TEASDALE LLP

By:　 /s/  *Paul Croker*
　　　Paul Croker　　　　　　#57000
　　　Pamela J. Winter　　　　#68087
　　　2345 Grand Boulevard, Suite 1500
　　　Kansas City, Missouri 64108-2617
　　　816.221.3420
　　　816.221.0786 (Facsimile)
　　　pcroker@atllp.com
　　　pwinter@atllp.com

ATTORNEYS FOR DEFENDANT PHOENIX FINANCIAL SERVICES, LLC

Electronically Filed - Jackson - Kansas City - August 05, 2020 - 09:24 AM

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on Wednesday, August 05, 2020, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

/s/ *Paul Croker*

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

SHERRON GLADNEY,                    )
                                    )
          Plaintiff,                )
                                    )
vs.                                 )     Case No:  2016-CV08873
                                    )
PHOENIX FINANCIAL SERVICES, LLC,    )      Division: 27
                                    )
          Defendant.                )
                                    )

## ORDER

Before the Court is Defendant Phoenix Financial Services, LLC's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint Seeking Damages for Violations of the Fair Debt Collection Practices Act. Based on a review of the pleadings, the Court's file, and the applicable law, the Court finds that the Unopposed Motion for Extension of Time should be **GRANTED**.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant Phoenix Financial Services, LLC's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint Seeking Damages for Violations of the Fair Debt Collection Practices Act is hereby **GRANTED**, and, in more particulars, the Court **ORDERS** that Defendant is granted an extension of time up to and including August 19, 2020 to Answer or otherwise respond to Plaintiff's Complaint.

**IT IS SO ORDERED**.

Dated: _____August 5__ , 2020.

_____
Honorable Judge Sarah A. Castle